■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WESTER, Appellant.—Judgment, Supreme Court, Bronx County, rendered September 24, 1973, after a jury trial, convicting the defendant of the crimes of rape in the first degree, sexual abuse in the first degree, sexual abuse in the second degree, sexual misconduct and endangering the welfare of a child, unanimously reversed on the law and on the facts, and in the interest of justice, count two charging sexual misconduct in the first degree is dismissed, and a new trial directed on the counts remaining (namely, counts three, four, five, and six). The defendant allegedly raped the nine-year-old complaining witness. The indictment, containing six separate counts, is susceptible of division into two categories. Counts one and two charged the defendant with the crimes of rape in the first degree and sexual abuse in the first degree, both committed by forcible compulsion (Penal Law, § 130.35, subd 1; § 130.65, subd 1). Count four charged the defendant with the crime of rape in the first degree in that he had sexual intercourse with a person under age 11 (Penal Law, § 130.35, subd 3). Counts three, five, and six also alleged performance of sexual acts upon the complainant without her consent owing to nonage (Penal Law, §§ 130.20, 130.60, 260.10). The jury acquitted the defendant of count one charging rape by forcible compulsion and convicted him on all the other counts. Our review of the record reveals no evidence of the exercise of forcible compulsion within the meaning of section 130.65 of the Penal Law, and we have accordingly reversed the conviction and dismissed count two relating to sexual abuse in the first degree, which requires proof of forcible compulsion. While the evidence adduced at trial was sufficient to support the conviction of the defendant of the remaining counts, we are nonetheless directing a new trial in the interest of justice. In this case, as in all trials, it was necessary for the jurors as triers of the fact to sift the evidence submitted to them and gauge its sufficiency, based on the law as explained by the trial court. The court in turn was required not only to state the applicable legal principles involved but also to explain the application of the law to the facts of the case (CPL 300.10, subd 2). This was not done by the trial court in the case at bar. In view of the multiple degrees of sexual misconduct contained in the indictment and submitted to the jury for its consideration, this failure in our opinion warrants reversal and remand for a new trial. Concur—Kupferman, J. P., Birns, Capozzoli, Lane and Lynch, JJ.